IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**                                                         No. 10-30123-DRH

**SHAMIKA M. COLEMAN,**

**Defendant.**

### ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant's first motion for early termination of probation (Doc. 38).  Defendant notes that the government and probation object to the motion.  Also, the government filed an opposition the motion (Doc. 39).  Based on the following the Court **DENIES** the motion.

On April 1, 2011, then Senior District Judge William D. Stiehl sentenced defendant to 5 years probation and ordered her to pay $31,833.00 in restitution (Docs. 31 & 33). On April 28, 2014, defendant filed this motion requesting that the Court release her early from probation.  She maintains that she should be released early because she has completed about 60% of her probation, has had only one violation of her probation in July 2013 by opening a line of credit and she would like to travel with her daughter who is joining the Air Force.   The government opposes the motion.

As this case was originally assigned to Judge Stiehl, the undersigned reviewed the entire record in this case to familiarize himself with this matter.[1]   The Court notes that at the time the Pre-Sentence Investigative Report ("PSR") was prepared defendant had $18,000 in credit card

---

[1] On April 29, 2014, this matter was reassigned to the undersigned Chief Judge for disposition.

1

debt, which likely formed, in part, the basis for the special condition that she not open additional lines of credit without the authority of the probation officer. Therefore the two violations of that condition in August of 2013, only 8 months ago, is quite significant and troubling to the Court. See Doc. 37. That credit card debt, spread out over 12 credit cards, results in substantial minimum payments each month ($500) and one can infer at the typical interest charged on credit cards an ever growing debt. Further, to compound that problem by adding two more cards suggests the defendant intends to add to that debt even more debt and that would make it even harder to meet her obligation to pay her restitution. If the Court were to terminate defendant from probation prematurely, even with defendant acknowledging her obligation, the Court loses a substantial tool in its arsenal to convince defendant of complying with that obligation.

Accordingly, the Court **DENIES** the motion (Doc. 38).

**IT IS SO ORDERED.**

Signed this 1st day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.01 11:44:14 -05'00'

**Chief Judge
United States District Court**